**TECK GENERAL PARTNERSHIP,**
Plaintiff,

v.

**CROWN CENTRAL PETROLEUM CORPORATION, Defendant.**

No. CIV.A. 98–966–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Dec. 4, 1998.

**990**

Jonathan S. Gelber, Arlington, VA, for Plaintiff.

Michael P. McGovern, McGuire, Woods, Battle & Boothe, Washington, DC, for Defendant.

## MEMORANDUM OPINION

ELLIS, District Judge.

In this removed diversity environmental tort case, plaintiff's attempt to obtain a non-prejudicial dismissal pursuant to Rule 41(a)(2), Fed.R.Civ.P., is opposed by defendant. For the reasons set forth herein, plaintiff's motion must be denied.

### I.

On June 19, 1998, plaintiff filed a motion for judgment in the Circuit Court for Fairfax County in the Commonwealth of Virginia alleging that its property has been damaged and contaminated by the migration of petroleum from defendant's property, a Crown Service Station, to plaintiff's adjoining property. Relying on strict liability and trespass theories, plaintiff seeks various damages, including diminution in property value. On July 7, 1998, plaintiff, in timely fashion, removed the action to the United States District Court for the Eastern District of Virginia. Thereafter, on August 10, 1998, a Scheduling Order was entered setting November 27, 1998 as the discovery cut-off date, and specifying that "[e]xpert discovery shall be conducted as provided by Local Rule 26(D). *Experts not properly identified, and from whom a report has not been timely provided, shall not testify at trial for any purpose.*" (emphasis in the original). Under Local Rule 26(D)(2), which governs the timing of disclosure, absent a consent order to the contrary, plaintiff was required to make its Rule 26(a)(2), Fed.R.Civ.P., disclosures no

later than sixty (60) days before the discovery cutoff, *i.e.*, by September 28, 1998.

On September 14, 1998, plaintiff notified defendant that it had retained an environmental consultant as an expert. On October 7, 1998, plaintiff sent defendant a letter transmitting a draft copy of its expert's report and requested that defendant sign a consent order waiving the disregarded September 28, 1998 deadline for all expert disclosures. In that letter, the plaintiff also stated:

> The alternative to signing a consent order is obviously a voluntary dismissal, without prejudice, under F.R.C.P. 41(a). Of course, this option would drag out the litigation needlessly, increase cost and sour any further settlement discussions.

In the circumstances, defendant declined to endorse the order. Thereafter, on October 23, 1998, plaintiff provided defendant with a final version of the expert's report on the issue of liability.

Defendant filed its answer to plaintiff's complaint on July 13, 1998. During the course of this litigation, defendant has also (i) responded to plaintiff's interrogatories and requests for admission, (ii) served its own interrogatories and document requests, (iii) filed and argued a motion to compel discovery arising out of document requests regarding plaintiff's financial performance to which plaintiff objected, and (iv) filed and argued a motion to compel depositions arising out of failed attempts to schedule the deposition of plaintiff's primary factual witness and its expert.[1] Furthermore, on November 13, 1998, defendant filed a motion to strike the testimony of plaintiff's expert, which motion was granted by the magistrate judge on November 20, 1998. No appeal was taken to the district court.

On November 17, 1998, after the motion to strike was filed, plaintiff filed a motion to dismiss without prejudice pursuant to Rule 41(a), Fed.R.Civ.P., on the basis that it could not complete discovery within the Scheduling Order's time limits. Specifically, plaintiff asserts that it had no time to conduct discovery

---

1. This limited grant of additional discovery does not in any way alter or extend the original deadline for expert discovery, which remains governed by the original discovery cut-off.

against a defendant inadvertently omitted,[2] that plaintiff's expert was unable to complete its report before the date required,[3] and that it cannot comply with this Court's "expedited discovery schedule." Defendant filed its opposition to the motion for voluntary non-prejudicial dismissal on November 30, 1998, and the matter is ripe for disposition. Because the facts and arguments are adequately presented in the pleadings, oral argument would not aid in the decisional process, and accordingly, the matter will be decided on the record.

## II.

 A motion to dismiss without prejudice pursuant to Rule 41(a)(2) is committed to the sound discretion of the district court.[4] Typically, such a motion is granted unless there is "substantial prejudice" or "plain legal prejudice" to the defendant. *See S.A. Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir.1986); *Gross v. Spies*, 133 F.3d 914, 1998 WL 8006, *5 (4th Cir.1998) (unpublished disposition). The focus of district courts when considering a motion to dismiss without prejudice is "primarily on protecting the in-

terests of the defendant." *See Davis v. USX Corp.*, 819 F.2d 1270, 1272 (4th Cir.1987). In this regard, circuit precedent identifies the following general factors as relevant to the prejudice issue:

(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending.

*See Gross*, 1998 WL at *5.[5] Neither the mere prospect of a second lawsuit, nor the possibility that plaintiff will gain a tactical advantage, such as that which would be gained by refiling in state court, are sufficient prejudice to deny a motion for voluntary dismissal. *See id.; see also Davis*, 819 F.2d at 1275.[6]

 These principles, applied here, compel the conclusion that plaintiff's motion must be denied. In this case, although there are no motions for summary judgment pending, defendant has expended significant effort and expense in litigating, much of which would be of no benefit in a second action were plaintiff

---

2. Plaintiff filed its suit solely against Crown Central Petroleum Corporation. In its answer filed July 13, 1998, defendant denied it was the owner of the service station property, although it admitted that it operates the service station. In a telephone conversation on August 10, 1998, defendant voluntarily identified Crown Stations, Inc., a sister company of defendant, as the owner of the property. Defendant agreed to the filing of an amended complaint naming Crown Stations as an additional defendant, pending a review of this amended pleading. Plaintiff provided a draft of the amended motion for judgment to defendant on August 28, 1998; having heard no response from defendant, plaintiff inquired, approximately a month and a half later in mid-October, about the draft. Defendant confirmed its approval on November 13, 1998. At no point during this delay did plaintiff file with the Court a motion for leave to amend the complaint.

3. Plaintiff offers no explanation for this inability to meet the deadline. Its statement, by counsel, that it unsuccessfully "repeatedly" requested that defendant stipulate that plaintiff's expert was timely identified, addresses only post-deadline actions and fails altogether to suggest a reason why plaintiff did not meet the deadline. Significantly, plaintiff never requested an extension from the Court and did not request defendant's consent to an extension until after the deadline had passed.

4. *See S.A. Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir.1986) (no abuse of discretion in refusing to dismiss without prejudice); *Carroll v. Litton Systems, Inc.*, 47 F.3d 1164, 1995 WL 56862, at *9, n. 9 (4th Cir.1995) (rejecting contention that district court abused its discretion in denying Rule 41(a) motion); *Rollison v. Washington Nat. Ins. Co.*, 176 F.2d 364, 366 (4th Cir.1949) (district judge's denial of Rule 41 motion fully justified exercise of discretion); *see also Davis v. USX Corp.*, 819 F.2d 1270, 1272 (4th Cir.1987) ("The decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter for the discretion of the district court, and its order will ordinarily not be reversed except for an abuse of discretion.").

5. This list of factors is not exhaustive and does not exclude factors particular to a specific case. *See Gross*, 1998 WL at *5.

6. The Fourth Circuit has noted but declined to resolve a division among the Circuits over whether the potential loss of a valid statute of limitations defense constitutes sufficient legal prejudice to justify denying a voluntary motion to dismiss. *See Gross*, 1998 WL at *6. This point plays no role here.

permitted to dismiss this action without prejudice. Before the motion for voluntary dismissal was filed, defendant (i) removed the action, (ii) answered the complaint, (ii) answered interrogatories and requests for admission, (iii) served its own interrogatories and documents requests, (iv) filed two motions to compel, and (v) filed a motion to strike plaintiff's expert witness. These efforts by defendant do not, alone, qualify this case as one of "extreme prejudice," but they are nonetheless significant and weigh persuasively against granting a dismissal. *See Andes*, 788 F.2d at 1036 (answer, summary judgment, and discovery not extreme prejudice but are sufficient basis for denying voluntary motion to dismiss without prejudice).

■ In any event, there is more here which, when taken together with defendant's litigating efforts thus far, amounts to substantial or plain legal prejudice. Specifically, plaintiff's lack of diligence and disregard for the strictures of the pretrial order has led to defendant's moving to strike plaintiff's tardy expert disclosures. And significantly, this motion was granted by the magistrate judge,[7] and plaintiff took no appeal to the district court, filing instead the instant Rule 41(a) motion to avoid this adverse discovery ruling. Yet, it is settled that a plaintiff may not obtain a non-prejudicial voluntary dismissal simply to circumvent adverse rulings. *See Paturzo v. Home Life Ins. Co.*, 503 F.2d 333, 336 (4th Cir.1974). In *Paturzo*, the Fourth Circuit held that the district court, in denying plaintiff's motion for non-prejudicial voluntary dismissal, "appropriately considered" that plaintiff had waived the right to jury trial by failure to make a timely demand and was requesting a jury in the newly filed action. *See id.* ("Understandably, the court below did not want to permit plaintiff to use indirect methods to obtain those rights he had forfeited through his own lack of diligence."); *see also Webb v. Altec Industries, Inc.*, 1994 WL 162815, *2 (N.D.Ill.1994) (denying Rule 41(a) motion on grounds that loss of favorable discovery ruling is prejudicial harm to defendant). Similarly, here, plaintiff's attempt to use a Rule 41(a) non-prejudicial dismissal to avoid the consequences of an adverse ruling resulting from its lack of diligence in discovery is a decisive factor weighing against non-prejudicial dismissal.[8]

■ Moreover, plaintiff's explanation of its reasons for seeking voluntary dismissal is wholly inadequate. In essence, plaintiff claims that it cannot meet the requirements of the Scheduling Order because discovery in this Court is in some sense "expedited." Yet it should have been apparent to plaintiff's counsel, as it is to any plaintiff's counsel, that removal of the case to federal court was a distinct possibility, if not probability, and that if this occurred, the matter would proceed expeditiously. A prudent plaintiff's counsel in a case of this sort would know that an expert would be required and thus retain one in advance of filing the complaint[9] or take steps to do so soon thereafter. In the event that plaintiff's counsel did not adequately consider the possibility of removal and his readiness or ability to comply with the discovery time constraints applicable in this district, counsel should have promptly moved for a non-prejudicial dismissal soon after the case was removed. Yet, plaintiff's counsel did not do so, choosing instead to proceed with the litigation in a dilatory fashion and without regard for the deadlines imposed by the Scheduling Order. There is no good reason to reward such dilatory behavior with a non-prejudicial dismissal. Were the Court to rule otherwise, the Scheduling Order would be reduced to a mere exhortation or request, rather than an order, and the "just, speedy and inexpensive" ad-

---

**7.** Plaintiff may also have forfeited other rights through its lack of diligence. No plaintiff's expert on damages, or more specifically, on diminution in property value, has been identified, and, of course, the time for designation of any such expert has long since expired.

**8.** Furthermore, harm of this nature cannot be addressed through the award of costs or the imposition of conditions upon dismissal.

**9.** It is arguable whether, in some instances, Rule 11, Fed.R.Civ.P., may require retention or consultation with an expert before certain allegations may be included in a complaint. No view is expressed on whether this is so, or whether this may be such a case.

ministration of the docket would be impaired. *See* Rule 1, Fed.R.Civ.P.[10] In short, non-prejudicial dismissal under Rule 41(a) is not available to rectify a plaintiff's failure to comply with a court's Scheduling Order simply because that plaintiff was unprepared when it filed its action to litigate in all the potential forums. *See Carroll v. Litton Systems, Inc.,* 47 F.3d 1164, 1995 WL 56862, at *9, n. 9 (4th Cir.1995) (unpublished disposition) ("Plaintiffs asked to have their action dismissed without prejudice largely because they had filed it without adequate preparation and wanted to file it anew after the necessary preparation was complete. This is not a proper ground for voluntary dismissal without prejudice.").

Nor is it an adequate reason for non-prejudicial dismissal that defendant failed promptly to return the draft amended complaint; any delay in responding should have been followed up promptly and if necessary, leave to amend the complaint should have been promptly sought from the Court. Moreover, defendant's delay in returning the draft amended complaint did not toll or in any other way affect the deadlines imposed by the Scheduling Order; nor did it affect plaintiff's ability to identify an expert and submit a timely report. Indeed, he did so, albeit in tardy fashion, without the benefit of the amended complaint.

In summary, plaintiff sought neither a discovery extension nor leave to amend its complaint prior to the relevant discovery deadline and the discovery cut-off. In addition to the effort and expense defendant has expended in discovery, defendant has obtained the benefit of an adverse ruling stemming from plaintiff's lack of diligence, as well as the potential foreclosure of other rights, which together may be dispositive of plaintiff's

claim. In these circumstances, clear legal prejudice to the defendant would result from a Rule 41(a) dismissal without prejudice.

Accordingly, plaintiff's motion for voluntary dismissal without prejudice must be denied. The case will proceed to trial on the amended complaint merely adding a defendant, which plaintiff shall be directed to file promptly.[11] The Scheduling Order shall be modified (i) to allow plaintiff an additional sixty days for discovery against the additional defendant, (ii) to allow defendant to conduct only that discovery of plaintiff that may be permitted as a result of the resolution of the pending motions to compel, and (iii) to reschedule the pretrial conference for February 19, 1999.

An appropriate Order will issue.

### ORDER

The matter came before the Court on plaintiff's motion to dismiss without prejudice pursuant to Rule 41(a)(2), Fed.R.Civ.P.

For the reasons enunciated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that plaintiff's motion is **DENIED.**

It is further **ORDERED** that plaintiff is **GRANTED** leave to file an amended complaint, which shall be filed by Wednesday, December 9, 1998.

Accordingly, it is further **ORDERED** that the Scheduling Order dated August 10, 1998, shall be and hereby is **MODIFIED** in the following respects:

(i) plaintiff is **GRANTED** an additional sixty (60) from the date of this Order within which to conduct discovery against any additional defendants named in the amended complaint;[1]

---

**10.** To be sure, the civil and criminal dockets in this district are on an orderly and expeditious schedule. It is also true, however, that extensions of time for discovery are granted in cases for good cause shown and to serve the ends of justice. But this not such a case. Here, plaintiff has not sought a timely extension of time for good cause shown or for any just reason. Rather, this is a case of dilatory behavior and disregard of an order, a case in which no relief was sought until after an adverse ruling on a missed deadline was imminent.

**11.** Nothing in this Memorandum Opinion should be construed as reflecting any opinion on the merits of this case.

**1.** Decisions on the motions to compel were deferred by the magistrate judge pending the resolution of plaintiff's motion for voluntary dismissal.

**994**

(ii) defendant may conduct no additional discovery, given that the period for discovery has expired, except insofar as it may be permitted as a result of the resolution of the pending motions to compel; and

(iii) the pretrial conference, currently scheduled for Thursday, December 17, 1998, shall be held on Thursday, February 19, 1999. Accordingly, all deadlines within the Scheduling Order, other than those relating to experts, that are based on the date of the pretrial conference shall be determined by reference to the February 19, 1999 pretrial conference date.

The Clerk is directed to send a copy of this Order to all counsel of record.