**Gloria A. DEAN, et al., Plaintiffs,**

v.

**WLR FOODS, INC., et al., Defendants.**

**No. Civ.A. 3:99CV00093.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

March 15, 2001.

Vail Walter Pischke, Michael G. Hoehn, Falls Church, VA, for plaintiffs.

Kevin Michael Rose, Glenn Milburn Hodge, Wharton, Aldhizer & Weaver, PLC, for Pilgim's Pride.

Gary Allen Kalbaugh, Jr., Kalbaugh, Pfund & Messersmith, P.C., Richmond, VA, for Gilmer Industries, Inc.

John D. McGavin, Stephen A. Horvath, Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C., Fairfax, VA, for Rollinger Enterprises, Inc.

Victor S. Skaff, III, Gentry, Locke, Rakes & Moore, Roanoke, VA, for ESIS Loss Control Services, Inc.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

Before the court is the plaintiffs' Motion for Voluntary Dismissal[1] and the defendants' opposition thereto. The presiding Magistrate Judge issued a Report and Recommendation on October 5, 2000, recommending that the court grant the Motion for Voluntary Dismissal, but only if the plaintiff agreed to certain terms and conditions. The plaintiffs timely filed objections to the Report and Recommendation, and the defendants individually responded thereto. The court has performed a de novo review, see 28 U.S.C. § 636(b)(1)(C), and, upon consideration of the entire record, the relevant law, and in the exercise of the court's discretion, the Report and Recommendation of the Magistrate Judge shall be accepted in part, and rejected in part, as explained herein.

### I.

Because this matter is before the court on a motion for voluntary dismissal, the court finds it useful to review the procedural history of this action. The complaint was filed on October 27, 1999, with five named plaintiffs, 550 unnamed plaintiffs, and five named defendants, asserting various grounds for relief based on an alleged toxic tort. An amended complaint was filed on July 31, 2000, increasing the named plaintiffs to twenty. Plaintiffs' counsel continues to aver that additional plaintiffs continue to come forward. Each defendant filed responsive pleadings.[2] All defendants moved to dismiss the unnamed plaintiffs. The named plaintiffs objected to these motions to dismiss. On June 28, 2000, the Magistrate Judge recommended granting the defendants' motions to dismiss the un-

1. Unless otherwise stated, all references herein to voluntary dismissal shall refer to voluntary dismissal without prejudice.

2. In Defendant ESIS's August 14, 2000 answer to the amended complaint, ESIS again moved to dismiss the unnamed plaintiffs. This motion became moot upon the court's September 19, 2000 grant of ESIS's March 24, 2000 Motion to Dismiss the unnamed plaintiffs.

named plaintiffs.[3] Neither party filed objections to the Report and Recommendation and, by order of the court dated September 19, 2000, the court adopted the same and dismissed the unnamed plaintiffs for lack of standing. On September 19, 2000, the parties also appeared before the Magistrate Judge for a hearing on the instant Motion for Voluntary Dismissal.

Other than the September 19, 2000 hearing on the instant motion, the parties' only other court appearance in this case was for the pretrial hearing, held May 11, 2000. Discovery proceeded pursuant to the pretrial order, with various parties propounding interrogatories and requests for production of documents. Apparently, no depositions have been taken in this matter. A thirty day extension of the date by which the plaintiffs had to disclose their expert witnesses and reports was requested by, and granted to, the plaintiffs, thereby making expert disclosures due on August 14, 2000. On August 11, 2000, the plaintiffs filed the instant motion for voluntary dismissal. The defendants objected, a hearing was held, and the Magistrate Judge issued his Report and Recommendation on October 5, 2000. The plaintiffs filed objections thereto, to which the defendants responded. Thereby bringing this litigation to its current stage, which is a ruling on the motion for voluntary dismissal.

## II.

■ Federal Rule of Civil Procedure 41(a)(2) states that voluntary dismissal requested after an answer or a motion for summary judgement has been filed requires an order of the court. As the Fourth Circuit has held, "[t]he purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir.1987). Thus, denial of a motion for voluntary dismissal must be accompanied by a finding of unfair, or "substantial prejudice" to the defendant. *See Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir.1986).

■ In considering prejudice, the primary focus of the court should be the interests of the defendant. *See Davis*, 819 F.2d at 1273. The court can place conditions on the voluntary dismissal in order to obviate undue prejudice to the defendant. *See id.* at 1273; Fed.R.Civ.P. 41(a)(2)(the court can impose "such terms and conditions as the court deems proper"). In many cases, the voluntary dismissal will cause some degree of prejudice to the defendant. The relevant inquiry, however, is whether the prejudice is substantial. *See Andes*, 788 F.2d at 1036. There is no bright line Fourth Circuit test for determining what rises to the level of "substantial prejudice" in the voluntary dismissal context. However, a plaintiff's gain of a tactical advantage, a defendant's loss of certain affirmative defenses, or a defendant's inconvenience at having to defend against a second lawsuit, even if the second suit is in a different venue, do not rise to the level of prejudice so as to bar a voluntary dismissal. *See Davis*, 819 F.2d at 1274–75.

■ The parties herein agree that the court should consider the four factor test for prejudice set forth in *Teck General Partnership v. Crown Central Petroleum Corp.*, 28 F.Supp.2d 989, 991 (E.D.Va.1998). The *Teck* factors found to be relevant to determining the prejudice issue are:

(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation, i.e., whether a motion for summary judgment is pending.

*Id.* Although *Teck* is not controlling precedent in this district, the court finds that the *Teck* factors are relevant, but agrees with the court in *Teck*, that the four factor test is not meant to be exhaustive. The test of what constitutes substantial prejudice will have to take into consideration the relevant facts of any given case. Thus, the court has consid-

---

**3.** Defendant ESIS also moved for a more definite statement and to dismiss the punitive damages and loss of consortium claims. Magistrate Judge Crigler granted the motion for a more definite statement in May, 2000, and recommended that the motion to dismiss certain claims be denied without prejudice to renew. This recommendation was adopted in the September 19, 2000 order of this court.

ered all of the parties' arguments and the specific procedural history of this case in determining the proper result of the plaintiffs' motion for voluntary dismissal.

## III.

### A.

In support of their motion, the plaintiffs primarily argue that (1) there are too many potential plaintiffs who have come forward, but are on a waiting list for, and have yet to have, a medical examination to determine whether they should actually be added to this case as named plaintiffs, and (2) Plaintiffs' counsel is in need of and seeking competent co-counsel, but potential co-counsel is hesitant to join in this federal lawsuit.[4] The Magistrate Judge recommends that the plaintiffs' motion be granted, conditional upon Plaintiffs' acceptance of certain terms and conditions. These proposed conditions, in essence, include: (1) re-filing of this action must be done in this court, and only with leave to re-file, such leave to be conditioned on certain factors; (2) all decisions made by the court on issues actually presented and decided are law of the case and applicable to future litigation; (3) all discovery should be deemed applicable to and adopted in the new action; (4) should Defendants Rollinger and ESIS be named in subsequent litigation and dismissed therefrom on Rule 12 or 56 motions, plaintiffs should be required to reimburse them for certain costs and fees.

The plaintiffs timely filed seven numbered objections to the Report and Recommendation. Several of the objections take issue with the Magistrate Judge's characterization of the parties' arguments, and his failure to include all that the plaintiffs deem relevant in his summaries of the arguments. Were the Magistrate Judge or this court to include in its summaries all that the parties deem relevant, our opinions would become quite lengthy, indeed. Nonetheless, the court notes the plaintiffs' objections with respect to those arguments that the Magistrate did, and did not, choose to recite in his Report and Recommendation. As for the substantive ob-

jections, the plaintiffs object to the Magistrate's Judge's legal reasoning and resulting conclusions; specifically, Conditions One (limitation on re-filing) and Two (law of the case). All of the defendants responded to the plaintiffs' objections, and the plaintiffs made a reply thereto.

### B.

■ The plaintiffs assert that it was legal error for the Magistrate Judge to find that prejudice, for purposes of Rule 41(a)(2), is the type which forecloses the non-moving party from asserting a defense, cross claim or counterclaim. While the court agrees with the Magistrate that foreclosure from asserting defenses or claims is prejudice, the court must respectfully disagree as to whether such foreclosure necessarily rises to the level of prejudice sufficient to prevent a voluntary dismissal in all cases. In this case, the only defense or claim that either party has identified as one which the defendants may be foreclosed from asserting in the event of a voluntary dismissal without prejudice is a statute of limitations defense. The Fourth Circuit has cited with approval the case of *McCants v. Ford Motor Co.,* 781 F.2d 855, 859 (11th Cir.1986), which held that the loss of a statute of limitations defense is not prejudice of the degree contemplated in Rule 41(a)(2). *See Davis,* 819 F.2d at 1275. Thus, the court finds the possibility that the defendant may lose a statute of limitations defense creates insufficient prejudice to the defendant to bar voluntary dismissal or to necessitate a condition of dismissal to obviate this particular prejudice.

■ The plaintiffs also object to the Magistrate's stated purpose of preserving the plaintiffs' claims without changing the legal positions of the parties. Although tactical advantages gained by the plaintiffs or certain inconveniences to the defendants are not prejudices of the degree contemplated in Rule 41(a)(2), the interests of the defendants are the focus of the court at this stage of litigation and conditions can be imposed on a

---

4. The plaintiffs raise additional factors in favor of voluntary dismissal in their objections to the Report and Recommendation, but the two rea-

sons listed in the accompanying text were the ones raised in the plaintiffs memorandum in support of their motion.

voluntary dismissal so as to obviate certain prejudices that might otherwise befall them. *See id.* at 1273–75. Although it is not required, the Fourth Circuit has found that it is "entirely proper" to attach conditions that will preclude re-litigation of issues that have already been ruled upon in the first litigation. *Id.* at 1274. Thus, there is no legal error in the Magistrate's stated purpose of preserving the plaintiffs' claims while maintaining the legal positions of the parties, as those positions relate to issues that have been fully litigated and adjudicated in this action.

### C.

■ Having addressed what Plaintiffs asserted were errors in the legal reasoning of the Magistrate Judge, *infra* Part II.B., the court now focuses on the specific conclusions of the Magistrate Judge, in the form of conditions of voluntary dismissal.

### 1.

Condition One of the Report and Recommendation requires the plaintiff to re-file any subsequent lawsuit arising from the same claims as the instant litigation in this court, and places additional conditions on obtaining leave to re-file. The court finds that Condition One is an unnecessary condition of voluntary dismissal and, therefore, shall not adopt the condition. The defendants have not progressed to an advanced stage of litigation in this matter. In fact, although certain defendants allege that a summary judgment ruling against the plaintiffs is imminent, no motions for summary judgment have ever been filed in this case. Also, although the defendants allege lack of diligence by the plaintiffs, the allegations do not convince the court of any existence of substantial prejudice to the defendants. The inconvenience to the defendants of having to defend against this action in state court does not rise to the level of prejudice under Rule 41(a)(2). *See, e.g., Davis,* 819 F.2d at 1275 (encouraging willingness to permit voluntary dismissals to pursue claims in state court). In fact, much of the pretrial and discovery activities conducted herein will be useable in a subsequent litigation. This factor militates in favor of dismissal without prejudice. *See West Virgi-*

*nia–Ohio Valley Area I.B.E. Welfare Fund v. American Tobacco Co.,* 188 F.R.D. 425, 427 (S.D.W.Va.1999). Finally, the plaintiffs' stated reasons for seeking voluntary dismissal—the increase in plaintiffs and need to investigate the same, and need for co-counsel—are persuasive. Accordingly, the court finds that the plaintiffs' motion shall be granted, and that the imposition of Condition One, is not necessary to obviate any substantial prejudice to the defendant.

### 2.

Condition Two requires the plaintiffs to agree that the Law of the Case Doctrine applies to all decisions made on issues actually presented and decided, such as the dismissal of the unnamed plaintiffs. *See infra* Part I. In addition to objecting to the reasoning leading up to the recommended Law of the Case condition, which reasoning the court deems proper, *infra* Part II.B., the plaintiffs specifically object to being bound by the ruling on the unnamed plaintiffs because, Plaintiffs argue, it is a question of state law that should be permitted to be decided by the state. While there is some support for this proposition in *Davis,* 819 F.2d at 1275, *Davis* also supports the proposition that, where the parties consent to submit a question of state law to a federal court, and receive a ruling on the same, it is then entirely proper to require the parties to be bound by the federal adjudication, *id.* at 1274. However, there is an additional issue in the case which gives the court pause in considering adoption of Condition Two of voluntary dismissal.

This case began with five named plaintiffs and has expanded to include twenty. Plaintiffs' counsel asserts that there are additional plaintiffs that have come forward seeking to join this lawsuit. In fact, this is one of the stated reasons in support of the motion for voluntary dismissal. The court is concerned with placing burdens on the instant plaintiffs in a future litigation, that may affect, or even hinder, the position of future co-plaintiffs (who are not named in this lawsuit). In other words, the court can only restrict the behavior of the plaintiffs currently named. If a subsequent lawsuit includes the current,

and additional plaintiffs, some of the current plaintiffs would be barred from asserting an argument, whereas the additional plaintiffs may not. Resolving these issues would be, at best, an unenviable task for a future adjudicator to undertake. As a result, based on the particular facts of this case, the court finds that it is not proper to condition the voluntary dismissal on instant plaintiffs' promise not to assert any arguments already decided in by this court. Of course, the defendants may be free to argue issue preclusion in any subsequent litigation. However, the undersigned is of the opinion that micro-managing any subsequent litigation to that degree will not serve the interests of justice.

### 3.

Neither the plaintiffs nor the defendants lodged any objections to Conditions Three and Four of the Report and Recommendation. Condition Three requires that discovery in this case be adopted and applicable to future litigation, and Condition Four requires the plaintiffs to reimburse Defendants ESIS and Rollinger in the event that they are named in a subsequent lawsuit, but dismissed therefrom on a motion to dismiss or summary judgement. The court has reviewed Conditions Three and Four, and finds them both appropriate under the circumstances of this case.[5]

### 4.

 The Fourth Circuit has held that, as a matter of course in most voluntary dismissals, the plaintiffs should be required to pay a portion of the defendant's taxable costs. *See Davis,* 819 F.2d at 1276 (citations omitted). Such costs, however, are not to include attorney fees when, as in this case, there is no finding of bad faith on the part of the plaintiffs. *See id.* Thus, although the Magistrate did not so recommend, the court finds that, as a condition of voluntary dismissal, the plaintiffs should be required to pay a portion of the defendants' taxable costs. However, such reimbursement must be reasonable, and shall not include payment for activities of any

defendant that will likely be applicable to any subsequent litigation.

### IV.

In conclusion, the court finds that the plaintiffs are entitled to a voluntary dismissal, but with certain conditions so as to obviate certain prejudices to the defendants. Specifically, the plaintiffs' voluntary dismissal shall be conditioned upon Conditions Three and Four of the Report and Recommendation, and upon the requirement that the plaintiffs' pay a reasonable portion of the defendants' taxable costs, as detailed *infra,* Part II.C.4. As explained herein, the Report and Recommendation shall be accepted in part and rejected in part. An appropriate order shall this day enter.

---

**5.** With respect to Condition Three, the court notes that the Fourth Circuit has held that this condition should be imposed as a matter of course. *See Davis,* 819 F.2d at 1276.