Kimberly Anne WILSON, Plaintiff,

v.

**ELI LILLY AND COMPANY,**
et al., Defendants.

**No. CIV. AMD 04–400.**

United States District Court,
D. Maryland.

June 14, 2004.

Aaron M. Levine, Washington, DC, for Plaintiff.

Donald S. Meringer, McCarter and English LLP, Sidney G. Leech, Goodell DeVries Leech and Dann LLP, Justin Michael Flint, Eccleston and Wolf, Kathleen M. Bustraan, Lord and Whip PA, Baltimore, MD, Michael J. McManus, Drinker Biddle and Reath LLP, Michael D. Jones, Kirkland and Ellis LLP, Roberta Koss, Hughes Hubbard and Reed LLP, Terrence Mark Ranko Zic, Law Office of Terrence Mark Ranko Zic, Aaron L. Handleman, Eccleston and Wolf PC, Washington, DC, John F. Anderson, Richard E. Hagerty, Troutman Sanders LLP, McLean, VA, Daniel W. Whitney, Janet K. Coleman, Whitney and Bogris LLP, Towson, MD, for Defendants.

## MEMORANDUM OPINION

DAVIS, District Judge.

Plaintiff Kimberly Anne Wilson, a resident of Baltimore, instituted this diversity case on February 17, 2004, against some 14 pharmaceutical enterprises alleging damages claims in four counts. The gravamen of her claims is that during 1956–57, while her mother was pregnant with plaintiff, plaintiff's mother ingested Diethylstilbestrol ("DES"). Consequently, plaintiff alleges, she has suffered numerous injuries, including but not limited to infertility and failed pregnancies. Most of the defendants have filed answers but some defendants have not yet appeared in the action. There has been no discovery and no case management order has been issued.

On or about April 29, 2004, plaintiff sought from defendants their approval of a stipulation of voluntary dismissal without prejudice. Some of the defendants consented to the request, but several others declined to consent. Thereafter, plaintiff filed a motion pursuant to Fed.R.Civ.P. 41(a)(2) for leave to

dismiss her claims without prejudice.* The objecting defendants filed written oppositions to the motion and plaintiff filed her reply, in connection with which she has amended her motion to include her undertaking to pay defendants' reasonable costs (including the reasonable value of avoidable attorney's fees otherwise incurred by defendants so far in this action). The motion for voluntary dismissal is now fully briefed and no hearing is needed. *See* Local Rule 105.6 (D.Md.2001).

There seems to be no dispute that the substantive law of Massachusetts, where plaintiff's mother resided during pregnancy, will apply to this product liability action. More likely than not, however, the issue of limitations will be determined under the law of the forum. *See, e.g., Maltas v. Maltas,* 197 F.Supp.2d 409, 422 (D.Md.2002)(applying Maryland statute of limitations to claim arising under Connecticut law) (collecting cases), *reversed on other grounds,* 65 Fed.Appx. 917, 2003 WL 21357315 (4th Cir. June 12, 2003). Thus, the objecting defendants rely on their argument that if the plaintiff is allowed freely to dismiss this case and then refiles her action in the District of Columbia (where complete diversity exists and each defendant is subject to personal jurisdiction), they will suffer prejudice insofar as courts in the District of Columbia will apply a limitations jurisprudence that is more favorable to plaintiff (and less favorable to defendants) than is the Maryland limitations jurisprudence. Indeed, notwithstanding the absence of any discovery so far in this case, certain defendants express great confidence that even allowing for the application of the Maryland "discovery rule" in fixing the accrual of plaintiff's claims, they will prevail on the basis of their limitations defense against the 47–year–old plaintiff as to all of her claims. Consequently, the objecting defendants assert that plaintiff's motion for voluntary dismissal should be denied outright or, if granted, conditioned on the plaintiff's agreement that Maryland jurisprudence on limitations should apply in any subsequently-filed action, no matter the forum.

All parties agree that a non-exclusive, multi-factor test applies to a district court's assessment of the propriety of allowing a Rule 41(a)(2) dismissal, namely: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation, i.e., whether a motion for summary judgment is pending." *Teck General Partnership v. Crown Central Petroleum Corp.,* 28 F.Supp.2d 989, 991 (E.D.Va.1998) (citing *Gross v. Spies,* 133 F.3d 914, 1998 WL 8006, *5 (4th Cir.1998) (unpublished disposition)). In fact, however, there is a split among the courts of appeals as to the weight to be accorded a defendant's contention that it will lose the benefit of a favorable statute of limitations if dismissal is allowed under the rule. *Compare Phillips v. Illinois Cen. Gulf R.R.,* 874 F.2d 984, 987 (5th Cir.1989) (depriving defendant of limitations defense impermissible; voluntary dismissal without prejudice not allowed) *with McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 858 (11th Cir.1986)(loss of limitations defense does not preclude voluntary dismissal). The Fourth Circuit has not spoken authoritatively on this issue. *See infra.*

Having carefully considered the parties' contentions, I am satisfied that, especially as modified by plaintiff, and bearing in mind the factors relevant to this determination, the motion for voluntary dismissal should be granted. First, there is no suggestion whatsoever that plaintiff has acted in bad faith; manifestly, she has acted with due diligence in seeking voluntary dismissal shortly after filing suit in this district. Second, defendants' assertions that application of the Maryland statute of limitations is a surefire defense founders on the reality that there has been no discovery in this case. Neither this court nor any defendant has any idea when, under the "discovery rule," plaintiff's claim accrued, whether there will be a triable issue of fact surrounding that question, or what the ultimate outcome will be on

* Rule 41(a)(2) provides as follows in relevant part: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

that question if disputed facts emerge. To the extent that defendants seek to conduct discovery in aid of their objection to plaintiff's motion, I reject out-of-hand such an inappropriate approach to the determination of Rule 41(a)(2) motions.

Finally, I am persuaded that, when the issue is finally presented to it, the Fourth Circuit will decline to erect for district courts an unsurmountable barrier to an otherwise proper Rule 41(a)(2) dismissal simply because a defendant contends it will lose the benefit of an arguably favorable limitations defense. *See Dean v. WLR Foods, Inc.*, 204 F.R.D. 75, 78 (W.D.Va.) ("In this case, the only defense or claim that either party has identified as one which the defendants may be foreclosed from asserting in the event of a voluntary dismissal without prejudice is a statute of limitations defense. The Fourth Circuit has cited with approval the case of *McCants v. Ford Motor Co.*, 781 F.2d 855, 859 (11th Cir.1986), which held that the loss of a statute of limitations defense is not prejudice of the degree contemplated in Rule 41(a)(2). *See Davis*, 819 F.2d at 1275. *Thus, the court finds the possibility that the defendant may lose a statute of limitations defense creates insufficient prejudice to the defendant to bar voluntary dismissal or to necessitate a condition of dismissal to obviate this particular prejudice"), aff'd sub nom. Dean v. Gilmer Indus., Inc.*, 22 Fed. Appx. 285, 2001 WL 1627651 (4th Cir.2001)(emphasis supplied); *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir.1987) (citing with approval *McCants v. Ford Motor Co.*, 781 F.2d 855, 858–59 (11th Cir.1986)).

In sum, the objecting defendants have not remotely demonstrated that allowance of dismissal here will result in "substantial prejudice" to them. *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir.1986). Accordingly, the amended motion for voluntary dismissal shall be granted by separate order.

