UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATRINA QUEEN, KITT HASTON, and WILLIAM QUEEN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 10-2017 (PLF) ) |
| JANET SCHMIDT, MARK CERA, and BONNIE MILLER, | ) ) ) |
| Defendants. | ) ) ) |

MEMORANDUM OPINION

This matter is before the Court on plaintiffs Katrina Queen and William Queen's

motion to dismiss this case under the doctrine of abstention. See Dkt. 85 (Apr. 8, 2016).

Defendant Janet Schmidt filed an untimely opposition to the motion, see Dkt. 93 (Apr. 28, 2016),

which the Court nevertheless has considered, and plaintiffs filed a reply to Schmidt's opposition.

See Dkt. 97 (May 6, 2016). The Court will grant the motion.[1]

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure allows a plaintiff to

voluntarily dismiss his or her own action "without a court order by filing . . . a notice of

dismissal before the opposing party serves either an answer or a motion for summary judgment."

Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms

---

[1] The papers considered in connection with the issues pending include Defendant Bonnie Miller's Motion to Dismiss [Dkt. 18]; Defendant Mark Cera's Motion to Dismiss or in the Alternative for Summary Judgment [Dkt. 19]; Order [Dkt. 57]; Plaintiffs' Motion to Dismiss ("Mot.") [Dkt. 85]; Defendant Janet Schmidt's Opposition ("Opp.") [Dkt. 93]; and Plaintiffs' Reply to Defendant Janet Schmidt's Opposition [Dkt. 97].

that the court considers proper." FED. R. CIV. P. 41(a)(2). Here, a court order is required in order to dismiss the case because defendants Bonnie Miller and Mark Cera each filed motions seeking "dismiss[al] with prejudice, or in the alternative, for summary judgment." Miller Motion to Dismiss at 1, Dkt. 18 (Dec. 21, 2010); see also Cera Motion to Dismiss or in the Alternative for Summary Judgement at 1, Dkt. 19 (Dec. 21, 2010).[2]

By way of background, Judge Ricardo M. Urbina terminated Miller and Cera's motions when he remanded the case to the Superior Court of the District of Columbia in September of 2011. Queen v. Schmidt, No. 10-2017 RMU, 2011 WL 4101117, at *2 (D.D.C. Sept. 14, 2011). Following reassignment of the case to the undersigned, Dkt. 54 (June 12, 2012), the Court vacated the remand and, inter alia, granted Miller and Cera's motions to dismiss with prejudice plaintiffs' claim that Miller and Cera breached a fiduciary duty to plaintiffs. See Queen v. Schmidt, No. CV 10-2017 (PLF), 2015 WL 5175712, at *12 (D.D.C. Sept. 3, 2015); see also Order, Dkt. 57 at 1 ("[P]laintiffs' claim against defendants Cera and Miller for breach of fiduciary duty is DISMISSED, and [] plaintiffs' claim against Cera and Miller for civil conspiracy is DISMISSED WITHOUT PREJUDICE."). The Court dismissed as futile plaintiffs' fiduciary duty claim under Rule 12(b)(6) for failure to state a claim upon which relief could be granted because there could be no legal or factual basis to support the assertion that Miller or Cera owed plaintiff a fiduciary duty. See Queen v. Schmidt, 2015 WL 5175712, at *12. Thus, the Court passed on the merits of plaintiffs' fiduciary duty claim by dismissing it with prejudice.

---

[2]     Cera's motion argued that the Court should dismiss plaintiffs' complaint because it failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and that the Court should "convert" that motion to dismiss into a motion for summary judgment because "[p]laintiffs have not even asserted any facts against [d]efendants upon which a genuine issue of material fact can exists [sic]." Dkt. 19 at 7-8; see also Dkt. 18 at 1-2 (Miller adopting this argument).

An opportunity to replead would be futile. See 5 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED. PRAC. & PROC. CIVIL § 1281 (3d ed. 2012) ("If the district court grants a motion to [] dismiss . . . , ordinarily it will do so without prejudice and permit the filing of an amended pleading, except when there is reason to believe that the amendment will be to no avail."); cf. Osborn v. Visa Inc., 797 F.3d 1057, 1062 (D.C. Cir. 2015) (explaining same). For these reasons, the filing by Miller and Cera of motions for summary judgment preclude voluntary dismissal under Rule 41(a)(1)(A)(i) and plaintiffs' current motion therefore is properly analyzed under Rule 41(a)(2).

Although a court order is required under Rule 41(a)(2) to effectuate a dismissal, a plaintiff seeking a voluntary dismissal in good faith under that Rule generally prevails "unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical advantage." Conafay v. Wyeth Labs., 793 F.2d 350, 353 (D.C. Cir. 1986). "The purpose of the provision authorizing the Court to dismiss a case 'on terms that the court considers proper' is to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's premature dismissal." Mittakarin v. InfoTran Sys., Inc., 279 F.R.D. 38, 41 (D.D.C. 2012) (quoting FED. R. CIV. P. 41(a)(2), and citing GAF Corp. v. Transamerica Ins. Co., 665 F.2d 364, 369 (D.C. Cir. 1981)). In assessing "prejudice" to defendants, a court must consider: "(1) the defendants' effort and expense for preparation of trial; (2) excessive delay or lack of diligence on the plaintiffs' part in prosecuting the action; (3) the adequacy of plaintiffs' explanation of the need for dismissal; and (4) the stage of the litigation at the time the motion to dismiss is made, specifically whether a motion for summary judgment is pending." In re Vitamins Antitrust Litig., 198 F.R.D. 296, 304 (D.D.C. 2000).

Here, plaintiffs argue that dismissal of their complaint is appropriate because they are litigating identical claims in the District of Columbia Superior Court, which "is in a position where it can act on the substantive issues of the case" and "[t]he Federal Court has not been able to act on the substantive issues of the case since it is still in the process of determining the validity of personal service." Mot. at 8 They also note that "litigating in the federal forum would deplete the assets of the Trust" and that "[t]he cost of litigating in the federal forum is higher than the costs of litigating in the state forum." Id. In support of dismissal, plaintiffs also argue that because the case "present[s] difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar," Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976), this Court should abstain from exercising jurisdiction in this case. Mot. at 5-6.

Schmidt responds by alleging that plaintiffs acted in bad faith by failing to include a copy of the Superior Court complaint, Opp. at 1-2, and by forum shopping. Id. at 4-5. She also contends that abstention is inappropriate because (1) the Superior Court complaint "involves an entirely different cast of parties than the instant case" and (2) "the litigation in Federal court is well underway." Id. at 3-6. Finally, Schmidt asserts that plaintiffs' invocation of Colorado River abstention is an attempt to avoid her removal of the case to federal court. Id. at 6-7.

The Court is not persuaded that plaintiffs are attempting to dismiss this action in bad faith. Schmidt admits that the parallel proceeding in the Superior Court is currently in mediation, Opp. at 5, and does not challenge plaintiffs' assertion that "[t]he cost of litigating in the federal forum is higher." Mot. at 8. The Court therefore credits plaintiffs' good faith desire to litigate in the Superior Court and proceeds to assess whether dismissal will prejudice the defendants.

4

None of the four factors set forth above suggests that dismissal will prejudice defendants. The first and fourth factors are not relevant here because this case is in the early stages of litigation, as evidenced by the fact that the Court is currently still considering jurisdictional issues such as service of process following the Court's opinion on the motions to dismiss. See Queen v. Schmidt, 2015 WL 5175712. As in Mittakarin v. InfoTran Sys., Inc., 279 F.R.D. at 41, "[n]o discovery has been completed, and defendants have not likely made any effort or expense in preparing for trial. . . . [T]he resources defendants have expended thus far do not amount to legal prejudice." The second factor cuts in plaintiffs' favor because they have been diligent in seeking to advance this case by attempting to serve process upon Schmidt. See, e.g., Affidavit of Service by Special Process Server, Dkt. 73 (Dec. 30, 2015). Finally, plaintiffs' provided an adequate explanation for seeking dismissal of the case: "[t]he cost of litigating in the federal forum is higher" than it would be in the state forum. Mot. at 8.[3] Defendants do not challenge that rationale and do not suggest that it is disingenuous. Cf. In re Vitamins Antitrust Litig., 198 F.R.D. at 305 (plaintiff did not show adequate need for dismissal where the motion to dismiss was a veiled attempt to avoid procedural default (citing Teck Gen. P'ship v. Crown Central Petroleum Corp., 28 F. Supp. 2d 989 (E.D. Va. 1998)).[4] The Court therefore concludes that voluntary dismissal is appropriate under Rule 41(a)(2).

---

[3] The Court does not consider the parties' legal arguments concerning Colorado River abstention because plaintiffs have adequately demonstrated a "need for dismissal," In re Vitamins Antitrust Litig., 198 F.R.D. at 304, based upon their claim that the instant federal litigation is depleting the limited amount of assets in the trust that is at issue in this case. Mot. at 8.

[4] Schmidt does not advance the argument that plaintiffs' motion to dismiss is an attempt to avoid an adverse ruling from this Court concerning plaintiffs' service of process. In any event, such an argument lacks merit because the effect on plaintiffs is the same whether the Court orders voluntary dismissal under Rule 41(a)(2) or dismisses for lack of service under Rule 12(b)(5): both result in dismissals without prejudice. Compare FED. R. CIV. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph is without prejudice."), with

For these reasons, the Court will issue an Order dismissing plaintiffs' complaint this same day.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: May 12, 2016

_____

Simpkins v. District of Columbia Gov't, 108 F.3d 366, 369 (D.C. Cir. 1997) ("[T]he insufficiency of service of process would have warranted the court's dismissing counts 1 and 2 without prejudice.").