418

**HENJES v. ÆTNA INS. CO. et al.**
**Civil No. 1953.**

District Court, E. D. New York.
June 13, 1941.

See, also, 39 F.Supp. 19.

Robert F. Donoghue, of New York City, for plaintiff.

Bigham, Englar, Jones & Houston, of New York City (Henry J. Bogatko, of New York City, of counsel), for defendant.

ABRUZZO, District Judge.

This is a motion for an order granting plaintiff leave to discontinue this action without prejudice as against the Hartford Fire Insurance Company, the Connecticut Fire Insurance Company and the Universal Insurance Company; and that the remainder of the action be remanded to the Su-preme Court of the State of New York, Kings County.

This action was originally commenced in the Supreme Court, State of New York, Kings County, against sixteen insurance companies. The action involves a single loss under a single insurance policy which all sixteen insurance companies issued severally but not jointly. The three defendants against whom the action is sought to be discontinued are foreign corporations. As to these three defendants, there are separable controversies, each of which involves more than $3,000. As to the other companies the amount claimed against each is less than $3,000.

The said three defendants presented their petition and bond to the Supreme Court, Kings County, for the removal of the action to this court. At that time, the plaintiff presented an ex parte order of discontinuance against these three defendants, which was signed by a Justice of the Supreme Court of the State of New York.

By order to show cause, the three defendants moved for an order declaring the order of discontinuance void. This motion was granted and an appropriate order entered.

Plaintiff then served a demand for a jury trial in this court. He now presents the present motion.

Apparently, the plaintiff does not intend to abandon his claim against the three defendants against whom he wishes to discontinue in this court. It is conceded that there was only one policy which was subscribed to severally but not jointly by these sixteen defendants.

At the beginning, plaintiff elected to sue all sixteen companies in one action so that the issues could be tried and determined in one action. Should this motion be granted it would permit the plaintiff to separate his case and compel two or more trials in different courts.

The plaintiff claims to have an absolute right to discontinue as against the removing defendants and cites Rule 41, subdivision (a), paragraph (2), of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c. This rule provides as follows: "(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems

proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. *Unless otherwise specified in the order,* a dismissal under this paragraph is without prejudice." (Italics the court's.)

As provided in the rule, unless specified in the order obtained, a dismissal is without prejudice. It lies within the inherent power of discretion of the court to grant this motion with prejudice.

The conclusion is inescapable that the plaintiff is endeavoring to remove his action back to the Supreme Court of the State of New York, thus defeating the order of removal by this court.

There is no justifiable reason for more than one trial. The court should not lend itself to such practices and evasions of the law of this kind. Ordinarily a plaintiff should have the right to discontinue his action; but when it is done, not for the purpose of promoting justice, but for the purpose of defeating justice and prolonging litigation, and depriving the defendant of a substantial right, the court ought to put its face against it. Palmer v. Delaware, L. & W. R. Co., D.C., 222 F. 461.

The court cannot prevent the plaintiff from voluntarily submitting to a nonsuit upon the merits. The court has the power, under all of the circumstances, to deny the plaintiff's motion. To do otherwise would be an abuse of justice.

The motion to discontinue is denied.

Settle order on notice.