Kimberly PIEDRA, the personal
representative of the Estate of
Amaruy Piedra, Plaintiff,

v.

MENTOR GRAPHICS CORPORATION,
an Oregon corporation, and Walden
C. Rhines, Defendants.

No. CIV. 96–1745–FR.

United States District Court,
D. Oregon.

Sept. 23, 1997.

Don H. Marmaduke, Scott G. Seidman, Tonkon, Torp, Galen, Marmaduke & Booth, Portland, OR, for Plaintiff.

Randolph C. Foster, Scott E. Crawford, Stoel Rives LLP, Portland, OR, for Defendants.

## OPINION AND ORDER

FRYE, District Judge:

The matter before the court is the plaintiff's motion to dismiss (# 14).

## BACKGROUND

On December 11, 1996, the plaintiff, Amaury Piedra, filed this action against the defendants, Mentor Graphics Corporation (Mentor Graphics) and Walden C. Rhines, alleging violations of federal and state securities laws, breach of contract, and common law fraud. Plaintiff Piedra seeks damages for breach of an employment contract and for failure of the defendants to provide him with certain stock or options to purchase stock in Mentor Graphics.

On January 21, 1997, Mentor Graphics filed an answer which includes a counter-claim against plaintiff Piedra. Mentor Graphics seeks a judicial declaration that plaintiff Piedra has been paid everything he is owed by Mentor Graphics and is not entitled to any stock or any stock options.

In April of 1997, plaintiff Piedra died. After the death of plaintiff Piedra, representatives of his estate and representatives of Mentor Graphics began negotiations in an attempt to resolve this dispute. Discovery ceased. In a meeting between counsel for the parties on May 28, 1997, counsel for plaintiff Piedra informed counsel for Mentor Graphics that plaintiff Piedra intended to dismiss the federal and state securities claims and most likely would dismiss the common law fraud claim because the death of

plaintiff Piedra had caused problems in proving plaintiff Piedra's claims.

The wife of plaintiff Piedra is Kimberly Piedra. She is the personal representative of the estate of Amaury Piedra and has been substituted as plaintiff in this action.

On August 11, 1997, Kimberly Piedra, as the personal representative of the estate of Amaury Piedra, filed the motion now before the court to dismiss this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

## CONTENTIONS OF THE PLAINTIFF

The personal representative of the estate of plaintiff Piedra contends that this court should dismiss this federal action in its entirety. The personal representative explains that the motion to dismiss the federal securities claims was filed in recognition that it is difficult to prove material misrepresentations when the person to whom the alleged misrepresentations were made is dead, and his testimony is not preserved in a deposition. The personal representative contends that the remaining contract claims should be filed in a state court action given that there will be no federal claims remaining in this action. The personal representative further contends that the failure of the personal representative to substitute a proper plaintiff requires that this action be dismissed pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

Defendant Mentor Graphics contends that the motion of Kimberly Piedra, the personal representative of the estate, to dismiss should be denied on the grounds that (1) the defendants have filed a compulsory counterclaim; (2) Rule 41(a)(2) prohibits voluntary dismissal if the dismissal terminates the jurisdiction of the court over a counterclaim that has no independent jurisdictional basis; and (3) the defendants have expended substantial resources, including researching and briefing a comprehensive motion for summary judgment.

Defendant Mentor Graphics contends that if the motion to dismiss is granted, the court should dismiss the securities and common law fraud claims with prejudice, dismiss the remaining contract claim without prejudice, retain jurisdiction over the defendants' counterclaim and require plaintiff Piedra to pay the costs and attorney fees of the defendants in connection with the securities and fraud claims as a condition of dismissal.

In reply, Kimberly Piedra, the personal representative of the estate, contends that dismissal is appropriate in the absence of any federal claim; that the defendants will not suffer prejudice from the voluntary dismissal; and that there are no grounds to award the defendants costs and fees since Amaury Piedra is dead and cannot pursue his claim.

## APPLICABLE LAW

Rule 41(a)(2) provides:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The purpose of this rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced. *Stevedoring Servs. of Am. v. Armilla Int'l,* 889 F.2d 919, 921 (9th Cir.1989).

## RULING OF THE COURT

■ Mentor Graphics will suffer no prejudice from the dismissal of the state securities claim and/or the breach of contract claim without prejudice. While the dismissal of the federal securities claim eliminates the basis for the exercise of federal jurisdiction over the remaining contract claim and declaratory judgment counterclaim, the court may exercise supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1365(a) meeting the requirement for dismissal under Rule 41(a)(2) that "the counterclaim can remain pending for independent adjudication by the court."

Plaintiff Piedra contends, however, that this court should decline to exercise supplemental jurisdiction over the remaining counterclaim for declaratory judgment and dismiss the entire action. 28 U.S.C. § 1367(c) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... (3) the district court has dismissed all claims over which it has original jurisdiction...." The issue now before this court is whether to exercise supplemental jurisdiction over the counterclaim for declaratory judgment in light of the dismissal of all claims for which it has original jurisdiction.

The exercise of supplemental federal jurisdiction over state law claims in a case with no federal jurisdiction is discretionary and exercised by this court only in some circumstances. The court has considered the factors of judicial economy, convenience to the parties, and fundamental fairness. This court declines to exercise supplemental federal jurisdiction over the remaining state law claims in this case in the absence of any claims over which this court has original jurisdiction. Furthermore, this case has not been pending for a significant period of time. The defendants were aware of the death of plaintiff Piedra and the intention of his estate to seek voluntary dismissal of the federal claims within six months of the filing of the complaint and well prior to the close of discovery. All of the efforts undertaken in this forum will be useful to resolve the matter in the state forum. Absent a basis for federal jurisdiction, this court will not retain jurisdiction over the state law claims or counterclaims.

## CONCLUSION

The plaintiff's motion to dismiss (# 14) is GRANTED. The court will dismiss the federal claims with prejudice and all other claims and counterclaims without prejudice. No costs or attorney fees are awarded.

IT IS SO ORDERED.

1. President Clinton appointed John J. Callahan to serve as Acting Commissioner of the Social Security Administration, effective March 1, 1997, to succeed Shirley S. Chater. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, John J. Callahan is substituted, therefore, for

## JUDGMENT

Based on the record,

IT IS ORDERED AND ADJUDGED that this action is dismissed.