**Charles SAN MARCO, Plaintiff,**

v.

**CITY OF ST. PETERSBURG, Defendant.**

No. 98–629–Civ–T–17E.

United States District Court, M.D. Florida, Tampa Division.

April 20, 1999.

Michael Joseph Keane, Richard S. Maselli, Keane & Reese, P.A., St. Petersburg, FL, for Charles San Marco, plaintiff.

Mirella Murphy James, Robert M. Eschenfelder, City Attorney's Office, City of St. Petersburg, St. Petersburg, FL, for City of St. Petersburg, defendant.

### ORDER ON PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS COMPLAINT

KOVACHEVICH, Chief Judge.

This cause is before the Court on Plaintiff's Motion to Voluntarily Dismiss Complaint and, in the Alternative, Motion for Extension of Time to Respond to Summary

Judgment and Leave to Amend (Dkt. 20) and Defendant's response (Dkt. 25).

### STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 41(a)(2) an action may be dismissed without prejudice; however the rule expressly provides that:

"an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper ..."

 In considering this motion, the Court is vested with great discretion. The Court must exercise its discretion with due regard to the legitimate interests of both parties. A plaintiff's motion, under Rule 41(a)(2), should not be denied absent substantial prejudice to the defendant.

### BACKGROUND

This cause of action was filed on March 27, 1998 (Dkt. 1). On April 15, 1998, Defendant filed a Motion to Dismiss (Dkt. 4), pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. On April 28, 1998, Plaintiff filed a Response and Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Dkt. 6). On October 28, 1998, Defendant filed a Motion of Summary Judgment (Dkt. 15). Plaintiff filed a Motion for Voluntarily Dismissal of Complaint and in the alternative a Motion for Extension of Time to Respond to Summary Judgment and for Leave to Amend (Dkt. 20) on November 16, 1998.

The Complaint contains the following allegations: Charles San Marco worked for the City of St. Petersburg as a police officer for over seventeen years until he was involuntarily terminated on June 13, 1997. San Marco was 48 years old at the time of his termination. Plaintiff alleges that at the time of termination, he performed his job beyond all expectations required of him and was well qualified for his job. Plaintiff also alleges that Darrel W. Stephens, the acting chief of police, told San Marco and others that San Marco was terminated because "the police department needed to re-energize, make room for fresh faces, and to make room

for the 'up and coming' and to make room for younger people." Plaintiff further alleges that the termination was based solely on his age and not for job performance. Plaintiff filed a claim against Plaintiff's employer, the City of St. Petersburg, under the Age Discrimination in Employment Act (ADEA).

### DISCUSSION

 Plaintiff seeks to voluntarily dismiss this case so Plaintiff can pursue an earlier-filed case in state court.

In the instant case, there have not been substantial proceedings covering a long period of time. This Court knows that a party expends resources in reliance on the choice of forum in which the party will litigate. As a result, Defendant asserts that the Plaintiff is "forum shopping." Such an assertion is not taken lightly by this Court, but, at the same time, dismissal without prejudice has been allowed in a removed action so that the plaintiff might start anew in state court. See *Kovalic v. DEC International, Inc.*, 855 F.2d 471 (1988).

In *Kovalic*, the court found that a defendant who chose not to remove identical state action to federal court would not be prejudiced by the voluntary dismissal of the federal action, which plaintiff requested so that the suit could be pursued in state court. *See id.*

Defendant also asserts that the timing of this motion was questionable. Plaintiff did not file this motion until after the Defendant filed a motion for summary judgment. Defendant's assertions raise concerns, but the purpose of Rule 41(a)(2) giving the district court discretion with regard to dismissal "is primarily to prevent voluntary dismissal which unfairly affects the other side, and to permit the imposition of curative conditions." See *Alamance Indus., Inc. v. Filene's*, 291 F.2d 142 (1961). Although, Defendant's concerns are valid, this Court finds that Defendant will not be seriously prejudiced by a dismissal. The Court acknowledges that costs have incurred by both parties, but this motion does in fact serve the interest of economies in the long run.

Although additional time will be necessary for Plaintiff's subsequent action, under the Florida Civil Rights Act of 1992 (FCRA), the FCRA parallels the ADEA; therefore the majority of time and effort spent on the federal cases will be applicable, and extremely helpful, in the subsequent state action.

However, the Court's decision does not go without criticism. When a party brings a claim, all options should be considered in an effort to serve economy, justice and the resources of the Court. As such, this Court grants Plaintiff's Motion for Voluntary Dismissal without prejudice on the condition that Plaintiff pay the costs of removal, and that any discovery material assembled may be used in subsequent litigation involving the parties. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Voluntarily Dismiss a Complaint (Dkt. 20) be **granted.**