### Sherry L. GARDNER

v.

### AMF BOWLING CENTERS, INC.

No. CIV.A. CCB–02–4166.

United States District Court,
D. Maryland.

July 3, 2003.

Leo Ryan, Jr., Law Offices of Green and Ryan PC, Towson, MD, for Plaintiff.

Kevin Bock Karpinski, Allen Karpinski Bryant and Karp PA, Baltimore, MD, for Defendant.

## MEMORANDUM

BLAKE, District Judge.

Plaintiff Sherry L. Gardner ("Plaintiff") sued defendant AMF Bowling Centers,

Inc. ("Defendant") in the Circuit Court for Baltimore County, seeking damages from a slip-and-fall in the amount of $250,000. (Compl.) The defendant removed the case to this court on the basis of federal diversity jurisdiction. (Notice of Removal.) The plaintiff subsequently filed an amended complaint in order to request damages in the amount of $74,999.99. (Am. Compl.; Mot. for Leave to File an Am. Compl.) Now pending before the court is the plaintiff's motion to remand the case on the grounds that the court no longer has jurisdiction since the amount in controversy is less than $75,000 pursuant to the amended complaint. (Mot. for Remand.)

■■■ Diversity jurisdiction is determined as of the date the suit is filed. *See, e.g., Porsche Cars N. Am., Inc. v. Porsche. Net,* 302 F.3d 248, 255–56 (4th Cir.2002) (holding that "a court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy") (citations omitted). Thus, even if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also Thompson v. Victoria Fire & Cas. Co.,* 32 F.Supp.2d 847, 849 (D.S.C. 1999); *Morris v. Naugle,* 722 F.Supp. 1285, 1286–87 (D.Md.1989). Diversity jurisdiction existed when the action was filed and removed to this court; the plaintiff's amended complaint reducing the damages claimed provides no basis for remanding this case. The plaintiff's motion to remand, therefore, will be denied.

■■■ Also pending before the court is the defendant's motion for sanctions pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. According to the defen-dant, it served a set of interrogatories and a request for document production on the plaintiff on or about December 31, 2002, the date the court issued its scheduling order in this case. (Def.'s Mot. for Sanctions at 1–2, Ex. A, Ex. B.) When the plaintiff failed to respond within the time provided by the Federal Rules of Civil Procedure, *see* FED. R. CIV. P. 33–34, the defendant advised the plaintiff's counsel, in writing, that its discovery responses were past due, in an apparent effort to obtain such answers without court action. (Def.'s Mot. for Sanctions at Ex. C (Letter of 2/28/03), Ex. D (Letter of 3/20/03).) The plaintiff did not respond to the defendant's letters (*id.* at 2); in addition, the plaintiff failed to respond to the defendant's motion for sanctions.

Federal Rule of Civil Procedure 37(d) allows the court to sanction parties who fail "to serve answers or objections to interrogatories submitted under Rule 33" or "to serve a written response to a request for inspection submitted under Rule 34." These sanctions, outlined at Rule 37(b)(2)(A)-(C), become progressively more severe, ranging from an order establishing certain facts to the entry of a default judgment. In addition, Rule 37(d) itself provides that the court may "require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure."

Recognizing that dismissal is the most severe sanction available, and that the plaintiff should have warning of that consequence, *see Hathcock v. Navistar Int'l Transp. Corp.,* 53 F.3d 36, 40–41 (4th Cir. 1995), Ms. Gardner will be given one more opportunity to comply with her discovery obligations. Discovery responses shall be served on defense counsel no later than July 21, 2003. Failure to comply will result in dismissal of the case with prejudice.

In addition, the plaintiff will be directed to pay the defendant $500.00 toward the reasonable cost of attorney's fees incurred in filing the motion to compel.

A separate Order follows.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby Ordered that:

1.   plaintiff's motion to remand (Docket No. 10) is **DENIED**;

2.   defendant's motion for sanctions (Docket No. 12) is **GRANTED**;

3.   the plaintiff shall serve discovery responses on defense counsel no later than July 21, 2003;

4.   the plaintiff shall pay the defendant $500.00;  and

5.   copies of this Order and the accompanying Memorandum shall be sent to counsel of record.