**Marlene Frances LANG, et al., Plaintiffs,**

v.

**MANUFACTURERS & TRADERS TRUST CO., Defendant.**

**Civil Action No. PWG–10–3648.**

United States District Court, D. Maryland.

March 24, 2011.

---

2. *Girsh v. Jepson,* 521 F.2d 153, 157 (3d Cir. 1975).

Brian Douglas Bennett, Law Offices of Terziu and Bennett, Baltimore, MD, for Plaintiffs.

James T. Heidelbach, Gebhardt and Smith LLP, Baltimore, MD, for Defendant.

### MEMORANDUM AND ORDER

PAUL W. GRIMM, United States Magistrate Judge.

This Memorandum and Order addresses Plaintiff Marlene Frances Lang's Motion for Leave to Filed [sic] Amended Complaint and/or Motion to Voluntarily Dismiss without Prejudice ("Mot."), ECF No. 11; Defendant's, Manufacturers & Traders Trust Co., t/a M & T Bank ("M & T Bank"), Response to Motion for Leave to File Amended Complaint and/or Motion to Voluntarily Dismiss without Prejudice ("Resp."), ECF No. 15; Plaintiffs' Amended Motion for Leave to Filed [sic] Amended Complaint and/or Motion to Voluntarily Dismiss without Prejudice ("Am. Mot."), ECF No. 25; Plaintiffs' Reply to Response to Motion for Leave to File Amended Complaint, Etc. ("Reply"), ECF No. 26; and Defendant's Response to Amended Motion for Leave to File Amended Complaint and/or Motion to Voluntarily Dismiss without Prejudice ("Resp. Am. Mot."), ECF No. 29. Having reviewed these filing, I have determined that a hearing is unnecessary. Loc. R. 105.6.

For the reasons stated herein, Plaintiff's Motion for Leave to Filed [sic] Amended Complaint and/or Motion to Voluntarily Dismiss without Prejudice, ECF No. 11, is DENIED AS MOOT; and Plaintiffs' Amended Motion for Leave to Filed [sic] Amended Complaint and/or Motion to Voluntarily Dismiss without Prejudice, ECF No. 25, is DENIED IN PART and GRANTED IN PART. This Memorandum and Order disposes of ECF Nos. 11, 15, 25, 26 and 29.

## I. FACTS

At some time prior to September 2010, Plaintiffs Marlene Frances Lang, Christopher John Lang, and Jonathan Thomas Lang (collectively, the "Langs" or "Plaintiffs") entered into a Safe Deposit Box Rental Agreement (the "Rental Agreement") with M & T Bank to rent a safe deposit box at M & T Bank's 5230 North Point Boulevard, Baltimore, Maryland 21219 location. Am. Compl. ¶ 4, ECF No. 12. The rental price to be paid for the year beginning August 31, 2010 and ending August 30, 2011 was $106.00. Compl. Ex. 1, ECF No. 2–1. At some time prior to September 2010, the Langs allegedly stored their property in the safe deposit box. Am. Compl. ¶ 5. In September 2010, M & T Bank began preparations to move the bank to its new location at 5236 North Point Boulevard, Baltimore, Maryland 21219. *Id.* ¶ 6. During this time, the "safe deposit box had been 'accidentally shredded' and ... its contents were destroyed and no longer available to the [Langs]."[1] *Id.* M & T Bank acknowledged responsibility for the loss of the safe deposit box and stated that it wanted the Langs to be "made whole." *Id.* ¶ 7. M & T Bank requested that the Langs submit a claim for reimbursement. *Id.* ¶ 8. The Langs submitted a list of items that they allege were contained in the safe deposit box at the time it was destroyed.[2] *Id.* The total alleged value of the listed items was $270,500.44. Compl. Ex. 3, ECF No. 2–2.

Following submission of the list of alleged items contained in the safe deposit box, M & T Bank requested a meeting with the Langs to discuss the list. Am. Compl. ¶ 10. Following this meeting, there was apparently no resolution regarding if or what amount M & T Bank was going to pay to the Langs. As a result of this failure to agree on an appropriate amount, the Langs initiated this lawsuit.

## II. PROCEDURAL HISTORY

On or about December 9, 2010, Plaintiffs filed their Complaint in the Circuit Court for Baltimore County, Maryland against M & T Bank alleging breach of contract,[3] conversion, detinue, and intentional infliction of emotional distress, all stemming from the loss of the contents of the safe deposit box rented by Plaintiffs from M & T Bank. Plaintiffs requested relief for breach of contract, conversion, and detinue claims in the amount of $500,000 plus interest, court costs and attorney's fees. Compl. ¶¶ 13–30. Plaintiffs requested the same relief for intentional infliction of emotional distress claim and added a request for an additional $500,000 in exemplary damages. *Id.* ¶¶ 31–35.

The Langs are all residents of Hartford County, Maryland. Am. Compl. ¶ 1. Defendant, M & T Bank, is a New York corporation with its corporate headquarters and principal place of business in New York. *Id.* ¶ 2. For jurisdictional purposes, Defendant is a citizen of New York. *See* 28 U.S.C.

---

1. In their Complaint and Amended Complaint at paragraph 6, the Langs refer to "Exhibit 2," which, presumably, is correspondence from M & T Bank regarding the destruction of their safe deposit box. Compl. ¶ 6, ECF No. 2; Am. Compl. ¶ 6. M & T Bank admits the allegations contained in paragraph 6 of the Amended Complaint but states that Exhibit 2 was not attached to the copy of the Complaint that was served upon M & T Bank. 28 U.S.C. § 1446(a) requires that the defendant include in its Notice of Removal "a copy of all process, pleadings, and orders *served upon such defendant ....*" *Id.* (emphasis added). Because, according to M & T Bank, it was not served with Exhibit 2, it did not include Exhibit 2 in its filing of the Notice of Removal. Further, the exhibits to the Amended Complaint were not filed with this Court when the Plaintiffs filed their Amended Complaint. *See* Am. Compl. To date, this Court has not seen Exhibit 2.

2. Among the items claimed lost by the Langs as a result of M & T Bank's actions (with the alleged value) include: 26 Carson City Dollars ($56,300), 20–40 Proof Silver Dollars ($10,000), 2 Double Eagle Liberty Head $20 Gold Coins ($3,500), 40 Walking Liberty Half-dollars ($25,000), five 1836 Gobrecht Dollars ($12,000), 40 Liberty Seated Silver Dollars ($25,000), 25–40 Morgan Dollars ($25,000), $8,000 in cash, and various other coins and jewelry. Compl. Ex. 3.

3. Although paragraph 13 of the Complaint states that "[p]ursuant to a safe deposit box rental agreement, which is incorporated herein by reference as though fully set out," the Rental Agreement was not attached to the Complaint or Amended Complaint that was served upon M & T Bank and was not filed with this Court. Some of the terms of the rental agreement, however, can be surmised from the allegations in the Amended Complaint to which M & T Bank admits.

§ 1332(c)(1) (For the purpose of determining citizenship of a corporation in a diversity jurisdiction case, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . .").

On December 29, 2010, M & T Bank filed its Notice of Removal pursuant to 28 U.S.C. § 1441, removing the case from the Circuit Court for Baltimore County, Maryland to the United States District Court for the District of Maryland. Notice of Removal, ECF No. 1. That same day, M & T Bank answered the Complaint and alleged a counterclaim against Plaintiff Marlene Lang for all expenses, including attorney's fees, which Defendant incurs in connection with Ms. Lang's allegedly unsubstantiated claims and this litigation.[4] Answer & Countercl. ¶¶ 1–11.

On January 12, 2011, Plaintiff Marlene Lang filed a Motion for Leave to Filed [sic] Amended Complaint and/or Motion to Voluntarily Dismiss without Prejudice. The express purpose, as stated by Ms. Lang, for filing this motion is an attempt to have the case remanded to the Circuit Court for Baltimore County, Maryland by reducing the amount of relief requested to $53,000.[5] Mot. ¶ 2. In the alternative, Plaintiff Marlene Lang requested that the case be dismissed "with prejudice"[6] to refile the same action in the Circuit Court for Baltimore County, Ma-

ryland and to limit their claim to damages in the amount of $53,000 or less. *Id.* At the same time, Plaintiffs filed the Amended Complaint reducing the amount of relief requested to $53,000 for all four causes of action.[7] Am. Compl. ¶¶ 13–35.

On January 19, 2011, M & T Bank filed its Answer to Amended Complaint and its Response to Motion for Leave to File Amended Complaint and/or Motion to Voluntarily Dismiss without Prejudice. In its Response, M & T Bank argued that the Plaintiff's motion to amend the complaint is: (1) not necessary as Plaintiffs may, as a matter of course, pursuant to Fed.R.Civ.P. 15(a)(1)(B), amend the complaint within twenty-one days after the responsive pleading was served; and (2) moot because the amended complaint already had been filed. Resp. ¶¶ 5–7. With respect to the motion to voluntarily dismiss, M & T Bank first argued that Ms. Lang cannot, without being joined by the other plaintiffs, make such a motion. *Id.* ¶ 8. Defendant also responded to Ms. Lang's motion to voluntarily dismiss by stating that: (1) the request to dismiss is not proper under Fed.R.Civ.P. 41(a)(1)(A) because a responsive pleading has been filed and all parties have not signed the stipulation of dismissal; (2) dismissal is inappropriate because it would defeat justice, prolong litigation or deprive Defendant of a substantial right; and (3) Defendant has asserted a counterclaim against Plaintiff Mar-

---

4. This cause of action presumably stems from the terms and conditions contained in the Rental Agreement. As stated earlier, this Court has not seen a copy of the Rental Agreement.

5. The $53,000 figure seems to be derived from the assertion in Defendant's Answer & Counterclaim, which states that, according to the Rental Agreement, the "maximum liability to a customer for losses incurred in connection with the contents of a safe deposit box is contractually limited to 500 times the annual rent for the safe deposit box." Answer & Countercl. ¶ 9. The annual rent for the safe deposit box was $106.00; therefore, according to the Defendant, the maximum liability is limited to $53,000. *Id.*

6. The Motion and Amended Motion state: "In the alternative, Plaintiffs request that the above-captioned matter be voluntarily dismissed *with prejudice* so that the Plaintiff may refile in the Circuit Court for Baltimore County for less than $53,000.00." Mot. 2; Am. Mot. 2 (emphasis

added). It appears from the context of Plaintiffs' requests (and their captions) that they are actually requesting that the case be dismissed without prejudice in order to avoid the effects of *res judicata*. Therefore, this Court will treat Plaintiffs' request as one for dismissal without prejudice.

7. Plaintiffs did not file, as required by Loc. R. 103.6(c), "a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type." *Id.* Also, according to M & T Bank, Plaintiffs failed to request consent of M & T Bank prior to filing the Motion and Amended Motion as required by Local Rule 103.6(d). Resp. ¶ 4; *see also* Loc. R. 103.6(d) ("Before filing a motion requesting leave to file an amended pleading, counsel shall attempt to obtain the consent of other counsel. Counsel shall state in the motion whether the consent of other counsel has been obtained.").

lene Lang and if the Complaint was dismissed, it would result in piecemeal litigation. *Id.* ¶¶ 8–9. Defendant asked, in the alternative, that the Court allow dismissal of the Complaint on the conditions that Plaintiffs pay Defendant's attorney's fees and restrict the claims that may be asserted in state court to a maximum of $53,000 in damages. *Id.* ¶ 10.

On January 27, 2011, all three Plaintiffs filed an Amended Motion for Leave to Filed [sic] Amended Complaint and/or Motion to Voluntarily Dismiss without Prejudice, once again attempting to reduce to amount of damages claimed to $53,000 or, in the alternative, to dismiss the claim so that Plaintiffs may refile in the Circuit Court for Baltimore County, Maryland. On January 28, 2011, Plaintiffs filed a Reply to Response to Motion for Leave to File Amended Complaint, Etc., responding to Defendant's arguments in its Response and adding additional facts that had not been alleged previously in any pleading or paper filed with this Court. Plaintiffs respond to Defendant's first argument that Ms. Lang was not joined by her fellow plaintiffs in the Motion by stating that all three plaintiffs "seek[ ] the filing of either an Amended Complaint or voluntary dismissal of this action without prejudice." Reply ¶ 1. Plaintiffs also state, upon information and belief, that M & T Bank hired a "third-party contractor to assist M & T in the moving of many safe deposit boxes from one physical location to another." *Id.* ¶ 2. Additionally, Plaintiffs argue that the "unidentified third-party ... would not share diversity with Defendant, M & T Bank." *Id.* Lastly, Plaintiffs argue that "Defendant's counter-claim is solely derivative of a now moot claim in excess of ... $53,000.00." *Id.* ¶ 3.

On February 9, 2011, Defendant filed a Response to Amended Motion for Leave to File Amended Complaint and/or Motion to Voluntarily Dismiss without Prejudice, reiterating many of the arguments made in its previous filing.

## III. ANALYSIS

### A. Plaintiff Marlene Lang's Motion for Leave to Filed [sic] Amended Complaint and/or Motion to Voluntarily Dismiss without Prejudice (ECF No. 11)

This action was removed to this Court on December 29, 2010, the same day that Defendant served its Answer and Counterclaim. Plaintiff Marlene Lang filed her Motion for Leave to Filed [sic] Amended Complaint and/or Motion to Voluntarily Dismiss without Prejudice on January 12, 2011, fourteen days after Plaintiffs were served with Defendant's Answer. That same day, Plaintiff Marlene Lang filed the Amended Complaint.

Fed.R.Civ.P. 15(a)(1)(B) states: "A party may amend its pleading once as a matter of course ... if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading...." *Id.* Here, Plaintiff Marlene Lang filed an amended complaint within twenty-one days of service of the answer to the original complaint as allowed as a matter of course. Therefore, the Motion for Leave to File an Amended Complaint is DENIED AS MOOT.

### B. Plaintiffs' Amended Motion for Leave to Filed [sic] Amended Complaint and/or Motion to Voluntarily Dismiss without Prejudice (ECF No. 25)

Given that the Amended Complaint reducing the amount of damages to $53,000 has already been filed, the two remaining questions before the Court are whether this matter should be remanded to the Circuit Court for Baltimore County for lack of diversity jurisdiction [8] or whether this case should be voluntarily dismissed.

#### 1. *Plaintiffs' Motion for Remand*

Contrary to Plaintiffs' urging, "[d]iversity jurisdiction is determined as of the date the suit is filed." *Gardner v. AMF Bowling Ctrs., Inc.,* 271 F.Supp.2d 732, 733

---

8. Although Plaintiffs' motion was not styled as a motion for remand, Fed.R.Civ.P. 1 states that the rules should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." This Court will therefore treat Plaintiffs' motion also as one for remand.

(D.Md.2003) (citing *Porsche Cars N. Am., Inc. v. Porsche.Net,* 302 F.3d 248, 255–56 (4th Cir.2002)). "Thus, even if 'the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.'" *Gardner,* 271 F.Supp.2d at 733 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). It is undisputed that at the time of the filing of the suit, the amount in controversy was at least $500,000.00 and Defendant was (and continues to be) diverse from Plaintiffs. Although Plaintiffs have amended the amount of damages claimed to $53,000.00, this Court continues to have jurisdiction pursuant to 28 U.S.C. § 1332. *See Gardner,* 271 F.Supp.2d at 733 ("[T]he plaintiff's amended complaint reducing the damages claimed provides no basis for remanding this case."). Therefore, Plaintiffs' request to have this case remanded to the Circuit Court for Baltimore County, Maryland is DENIED.

### 2. *Motion to Dismiss without Prejudice*

Plaintiffs' various motions and replies are an unvarnished attempt to have this matter, by any mechanism available, litigated in the Circuit Court for Baltimore County, Maryland. *See* Mot. 1–2 ("Plaintiff seeks to remand the above-captioned case to the Circuit Court for Baltimore County by reducing the amount in controversy.... Plaintiff requests ... leave to file the Amended Complaint so that the above-captioned claim may be remanded to the Circuit Court for Baltimore County"); Am. Mot. 1–2 (same); Reply ¶ 2 (explaining that upon information and belief an "unidentified third-party ... would not share diversity with Defendant, M & T Bank"). With this intent in mind, this Court will now consider Plaintiffs' request to have the case voluntarily dismissed without prejudice.

#### a. *Plaintiffs' Claims*

█ Plaintiffs request, in the alternative, that this Court voluntarily dismiss this action without prejudice "so that the Plaintiff[s] may refile in the Circuit Court for Baltimore County." Am. Mot. 2. Pursuant to Fed. R.Civ.P. 41(a)(1), a case may be voluntarily dismissed without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or by filing "a stipulation of dismissal signed by all parties who have appeared." *Id.* In this case, M & T Bank has answered the Complaint and the Amended Complaint prior to Plaintiffs requesting a dismissal. Further, the request for voluntary dismissal was not signed by all parties, namely M & T Bank. Therefore, Plaintiffs may only secure a dismissal by way of a court order.

Fed.R.Civ.P. 41(a)(2) provides:

[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under paragraph (2) is without prejudice.

*Id.*

█ The general rule is that "[a] plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant," *Ellett Bros., Inc. v. U.S. Fid. & Guar. Co.,* 275 F.3d 384, 388 (4th Cir.2001), or "substantial prejudice to the defendant," *Andes v. Versant Corp.,* 788 F.2d 1033, 1036 (4th Cir.1986). *See also Teck Gen. P'ship v. Crown Cent. Petroleum Corp.,* 28 F.Supp.2d 989 (E.D.Va.1998) (denying plaintiff's motion to dismiss to avoid clear legal prejudice to defendant, who had "obtained the benefit of an adverse ruling stemming from the plaintiff's lack of diligence, as well as the potential foreclosure of other rights"); *Klintworth v. Atl. Coast Line R.R.,* 39 F.R.D. 330 (D.S.C. 1966) (denying plaintiff's motion because defendant had filed a motion for summary judgment and was entitled to judgment as a matter of law). A Rule 41(a)(2) dismissal "is generally granted where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *O'Reilly v. R.W. Harmon & Sons, Inc.,* 124 F.R.D. 639, 639 (W.D.Mo.1989).

In the seminal case of *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir.1987), the Fourth Circuit stated:

> The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced. To fulfill this purpose, Rule 41(a)(2) requires a court order as a prerequisite to dismissal and permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from the dismissal without prejudice. The district court must focus primarily on protecting the interests of the defendant.

*Id.* (citations omitted).

█ The "district court's assessment of the propriety of allowing a Rule 41(a)(2) dismissal" includes a "non-exclusive, multi-factor test." *Wilson v. Eli Lilly & Co.,* 222 F.R.D. 99, 100 (D.Md.2004). The factors include: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation." *Id.* Analyzing these factors, the Fourth Circuit in *Andes,* 788 F.2d at 1036, gave examples of improper dismissals: *Rollison v. Wash. Nat'l Ins. Co.,* 176 F.2d 364 (4th Cir.1949) (dismissal without prejudice not proper where plaintiff sought to dismiss after complaint had been amended three times, a trial date set, and a jury sworn, and the trial judge had decided that plaintiff had not stated a claim) and *Young v. John McShain, Inc.,* 130 F.2d 31 (4th Cir. 1942) (proper to deny motion to dismiss made when case was already at trial and plaintiff had admitted that the claims sought to be dismissed were without merit); and proper dismissals: *S. Ry. v. Chapman,* 235 F.2d 43 (4th Cir.1956) (defendant had merely filed a motion for transfer); *Holiday Queen Land Corp. v. Baker,* 489 F.2d 1031 (5th Cir.1974) (motion filed just four months after defendant joined as party, defendant having participated in little or no discovery and incurred "a minimum of expense").

M & T Bank argues that by allowing Plaintiffs to voluntarily dismiss their claim "for the stated purpose of filing the action a second time in state court," the Court would be "permitting the Plaintiffs to engage in such gamesmanship depriv[ing] M & T Bank of its constitutional right to have the Plaintiffs' claims litigated in federal court." Resp. Am. Mot. 4. The defendant in *O'Reilly,* 124 F.R.D. at 640–41, made the same argument, which the *O'Reilly* court rejected:

> Defendant argues that this motive [refiling in state court] is improper and that allowing the dismissal violates a removing defendant's "right" to a federal forum. Defendant relies on *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), which is widely cited for the proposition that once an action has been properly removed, a plaintiff may not do anything to defeat federal jurisdiction and force a remand to state court. *See, e.g., Boyd v. Diebold,* 97 F.R.D. 720, 721 (E.D.Mich.1983). *St. Paul* does hold that after removal a plaintiff may not force a remand by reducing the amount of the prayer below the diversity requirement or by changing the citizenship of the parties in an effort to defeat diversity. However, *St. Paul* and the other cases upon which defendant relies involve plaintiffs seeking *remand* directly or remand by the addition of another party in the federal case. The cases do not involve a request for *voluntary dismissal.* Therefore, defendant's cases are not instructive on the availability of a Rule 41(a)(2) dismissal in this situation.

*Id.* (emphasis in original).

M & T Bank also cites *Henjes v. Aetna Ins. Co.,* 39 F.Supp. 418, 419 (E.D.N.Y.1941), for the proposition that, should this Court allow Plaintiffs to voluntarily dismiss their claims, it would be an "abuse of justice." *Henjes,* however, is quite different from this case. In *Henjes,* the plaintiff originally brought suit against sixteen defendants in state court in New York. *Id.* at 418. The case was removed properly on motion of three defendants, which were diverse from the plaintiff and the amount in controversy as to each was in excess of $3,000 (the diversity jurisdictional amount in 1941), to federal court based on diversity jurisdiction. The plaintiff filed a motion to voluntarily dismiss

without prejudice the claims against the three diverse defendants and have the remainder of the case remanded to state court. *Id.* The plaintiff, not intending to abandon its claims against the three diverse defendants, wished to proceed in two or more separate trials in different courts. The court held:

> There is no justifiable reason for more than one trial. The court should not lend itself to such practices and evasions of the law of this kind. Ordinarily a plaintiff should have the right to discontinue his action; but when it is done, not for the purpose of promoting justice, but for the purpose of defeating justice and prolonging litigation, and depriving the defendant of a substantial right, the court ought to put its face against it.

*Id.* at 419.

This case is distinguishable from *Henjes.* Here, Plaintiffs are not attempting to divide this case into two separate trials, with the danger of differing outcomes, but seek only to have this entire case litigated in state court, one time. Moreover, Plaintiffs are not attempting to prolong this litigation as it is still in its infancy. Therefore, it would not be an "abuse of justice" to grant Plaintiffs' motion, as M & T Bank suggests.

M & T Bank also cites *Myers v. Hertz Penske Truck Leasing, Inc.,* 572 F.Supp. 500 (N.D.Ga.1983) for a similar proposition. Once again, this case can be distinguished from the case at bar. The facts and procedural posture of *Myers* are as follows:

> Plaintiff, a resident of Ohio, originally filed [an] action for malicious prosecution against the defendant, a Delaware Corporation, in the Superior Court of Fulton County, Georgia, where the cause of action arose. Defendant properly removed the case to [federal court] court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Plaintiff did not challenge the removal or seek remand. Instead, after several months of discovery plaintiff brought a virtually identical suit in the Superior Court of Fulton County naming as additional defendants two local employees of the defendant Hertz. Both additional defendants [were] residents of Georgia. Plaintiff [then sought] to dismiss its feder-

al court action and proceed in the state court system. Defendant oppose[d] the dismissal and [sought] to enjoin the state court action.

*Id.* at 503. The court, bound by a case from the Fifth Circuit Court of Appeals, did "not necessarily agree" with the reasoning from the Fifth Circuit but did not allow dismissal of the federal case. *Id.* The court held that the "defendant has already gone to considerable time and expense preparing for this case" and "[j]ustice would not be served by allowing dismissal at this time." *Id.* Here, M & T Bank has not "gone to considerable time and expense preparing this case" and would not be prejudiced by a dismissal.

There is no dearth of support for the argument that dismissal without prejudice is permissible in circumstances such as these. "A dismissal without prejudice has been allowed in a removed action so that the plaintiff might start anew in a state court with a restructured action that might avoid a second removal...." Wright & Miller, Fed. Prac. & P. § 2364 (3d ed. 2008); *see In re Bridgestone/Firestone, Inc.,* 199 F.R.D. 304 (S.D.Ind.2001) (allowing plaintiff to voluntarily dismiss to refile in state court and add a non-diverse defendant, which would prevent a second removal); *San Marco v. City of St. Petersburg,* 185 F.R.D. 679 (M.D.Fla.1999) (allowing voluntary dismissal eight months after the complaint was filed and following a motion for summary judgment filed by the defendant in order for the plaintiff to pursue state law claims in state court); *O'Reilly,* 124 F.R.D. 639 (allowing plaintiff to voluntarily dismiss to refile in state court and add a non-diverse defendant, which would prevent a second removal and discussing the different standards for a motion to voluntarily dismiss under Fed.R.Civ.P. 41(a)(2) and a motion for remand under 28 U.S.C. § 1447); *Stevenson v. Missouri Pac. R.R.,* 53 F.R.D. 184 (E.D.Ark.1971) (allowing dismissal without prejudice so that the plaintiff may refile in state court and add a non-diverse defendant, reasoning that there was no danger of the state court applying a different body of law than would be applied by the federal court); *Ohse v. Hoffman–LaRoche, Inc.,* No. 01–5539, 2002 WL 171989 (N.D.Ill. Feb. 4, 2002)

(same); *Katzman v. Am. Airlines,* No. 97–8321, 1997 WL 752730 (S.D.N.Y. Dec. 4, 1997) ("[N]early all courts grant [dismissals under Rule 41(a)(2) ] when defendant's only argument against dismissal is that the plaintiff manifestly seeks to defeat federal jurisdiction.... These cases recognize plaintiffs may refile in state court a complaint that either joins nondiverse parties or reduces the amount in controversy.").

More specifically, the Fourth Circuit in *Davis,* 819 F.2d at 1273–76, dealt with a similar situation. Although the case was not originally filed in state court and removed to federal court, the plaintiff, by filing a motion for voluntary dismissal pursuant to Fed. R.Civ.P. 41(a)(2), wished to pursue her claims in state court instead of federal court. The court held:

> It is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit. Moreover, the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit. Thus, in this case, the mere prospect of the transfer of litigation to state court was an insufficient basis for denying the motion for voluntary dismissal. Ordinarily the mere fact that a plaintiff prefers the state courts ought not to prevent his discontinuing his suit; one court is as good as another.

*Id.* at 1274–75 (quotation marks and citations omitted).

In applying the four factors enumerated in *Wilson* and the reasoning in *Davis,* this Court finds that M & T Bank, to date, has not expended much time or incurred great expense; there is no excessive delay or lack of diligence on the part of Plaintiffs;[9] the justification for dismissal, while giving this Court some pause, does not require denial of the motion; and the litigation is still in its infancy. Further, M & T Bank will not be

prejudiced by the filing a new action in state court for less than $53,000, as requested by Plaintiffs. Therefore, a dismissal is warranted.

### b. *M & T Bank's Counterclaim*

■ M & T Bank has pleaded a counterclaim against Plaintiff Marlene Lang for breach of contract. Answer & Countercl. ¶¶ 1–11. M & T Bank also has objected to the dismissal of this action, Resp.; Resp. Am. Mot. Therefore, this Court only may dismiss the Plaintiffs' Complaint if the counterclaim can remain pending in this Court for independent adjudication. *See* Fed.R.Civ.P. 41(a)(2) (if the defendant has filed a counterclaim, this Court only may grant a dismissal, over the defendant's objection, "if the counterclaim can remain pending for independent adjudication").

M & T Bank correctly points out that because its "Counterclaim arises out of the same transaction or occurrence that is the subject of the Plaintiffs' claims, the Counterclaim is a compulsory counterclaim under Fed.R.Civ.P. 13(a)." Resp. Am. Mot. 4. Because the counterclaim is compulsory, "it is settled that the district court has ancillary jurisdiction, which is now called supplemental jurisdiction under Section 1367 of Title 28 of the United States Code, to decide it even though the plaintiff's claim is dismissed." Wright & Miller, Fed. Prac. & P. § 2365 (3d ed. 2008). However, the court "may decline to exercise supplemental jurisdiction over a claim" if the court "has dismissed all claims over which it has original jurisdiction." 26 U.S.C. § 1367(c)(3).

The court in *Piedea v. Mentor Graphics Corp.,* 979 F.Supp. 1297 (D.Or.1997), was faced with a similar situation to the case at bar. The plaintiff brought an action in federal court for violations of federal and state securities laws, breach of contract and common law fraud. *Id.* at 1297. The defendant filed an answer and a counterclaim seeking

9. It appears that the Rental Agreement limits the maximum liability that M & T Bank could possibly sustain in this action to $53,000.00. Under Fed.R.Civ.P. 11(b), an attorney who signs a pleading certifies "that to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... the claims ... are warranted by existing law [and] that the factual contentions have evidentiary support...." It seems clear that upon "reasonable inquiry" a demand above $53,000 is not warranted by existing law and has no evidentiary support.

declaratory relief and for breach of contract, both state law claims. *Id.* The plaintiff moved to voluntarily dismiss the federal securities claims and common law fraud claim in recognition of its inability to prove material misrepresentation, an essential element to each of those claims. The plaintiff sought dismissal without prejudice in order to refile the state securities and contract claims in state court. *Id.* at 1298. The court held:

> [The Defendant] will suffer no prejudice from the dismissal of the state securities claim and/or the breach of contract claim without prejudice. While the dismissal of the federal securities claim eliminates the basis for the exercise of federal jurisdiction over the remaining contract claim and declaratory judgment counterclaim, the court may exercise supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § [1367(a) [10]] meeting the requirement for dismissal under Rule 41(a)(2) that "the counterclaim can remain pending for independent adjudication by the court."

*Id.* (quoting Fed.R.Civ.P. 41(a)(2)). The plaintiff also argued that the court "should decline to exercise supplemental jurisdiction over the remaining counterclaim for declaratory relief and dismiss the entire action." *Id.* at 1299. The court agreed, holding:

> The exercise of supplemental federal jurisdiction over state law claims in a case with no federal jurisdiction is discretionary and exercised by this court only in some circumstances. The court has considered the factors of judicial economy, convenience to the parties, and fundamental fairness. This court declines to exercise supplemental federal jurisdiction over the remaining state law claims in this case in the absence of any claims over which this court has original jurisdiction.

*Id.; see also Barcliff v. Reg'l Mgmt. Co.,* No. 08-2018, 2010 WL 936775 (D.S.C. Feb. 23, 2010), *adopted,* 2010 WL 1009993 (D.S.C. Mar. 16, 2010) (declining to exercise supplemental jurisdiction over state law counterclaims following dismissal without prejudice pursuant to Fed.R.Civ.P. 41(a)(2)); *Bader v. Elecs. for Imaging, Inc.,* 195 F.R.D. 659, 663–64 (N.D.Cal.2000) (same).

In this case, the Court, having found that voluntary dismissal is appropriate, may dismiss Plaintiffs' claims over M & T Bank's objection. This satisfies the requirements of Fed.R.Civ.P. 41(a)(2) because the court *may* grant Plaintiffs' motion over Defendant's objection if the remaining counterclaim *can* remain pending for adjudication. However, in this Court's discretion, it *may* decline to exercise its supplemental jurisdiction if there are no remaining claims over which this Court has original jurisdiction. 28 U.S.C. § 1367(c)(3). Because M & T Bank's counterclaim can remain pending following dismissal of Plaintiffs' claim, although this Court will decline to exercise supplemental jurisdiction of M & T Bank's counterclaim, this comports with the requirements of Fed.R.Civ.P. 41(a)(2).

### c. Terms and Conditions

Pursuant to Fed.R.Civ.P. 41(a)(2), the Court may grant a voluntary dismissal "on terms that the court considers proper." The Court "may condition a voluntary dismissal without prejudice on the payment of the nonmoving party's attorneys' fees and costs in the litigation." *Best Indust., Inc. v. CIS BIO Int'l,* Nos. 97–1217, 97–1412, 1998 WL 39383, at *2 (4th Cir. Feb. 2, 1998) (citing *Davis,* 819 F.2d at 1273). However, the award of attorney's fees is not automatic. *Davis,* 819 F.2d at 1276. "In calculating the amount of fees and costs to be awarded, the district court must first determine that the fruits of the work attributable to the fees [that] cannot be carried over to another action." *Best Indus.,* 1998 WL 39383, at *2. The award of attorney's fees is generally limited to "work that could not be used again in a future suit." *Kyte v. College of S. Md.,* No. 03–2558, 2005 WL 396306, at *1 (D.Md. Feb. 18, 2005) (citing *Davis,* 819 F.2d at 1276); *see also Therrien v. New England Tel. & Tel. Co.,* 102 F.Supp. 350, 351 (D.N.H. 1951) ("The motion is granted upon the condition that the plaintiff pay . . . the expenses incurred by the defendant . . . in the removal of this action and hearings on the above pleadings."). However, "[i]t is an abuse of discretion to award fees when the product of

10. The court erroneously cited 28 U.S.C.  § 1365(a).

those fees can easily be carried over to subsequent litigation." *Best Indus.*, 1998 WL 39383, at *2.

■ Clearly, the bulk of the effort and expense that M & T Bank has incurred in this Court cannot be used in a subsequent state court action. There has been little or no discovery, no settlement negotiations or any other expense associated with this case except filing its Notice of Removal and to respond to Plaintiffs' filings in this Court. It is clear that the costs and attorney's fees incurred in connection with the removal and Plaintiffs' unrelenting efforts to have this case litigated in state court cannot be used in a subsequently-filed state court action. Therefore, the first condition upon which Plaintiffs' motion to voluntarily dismiss pursuant to Fed.R.Civ.P. 41(a)(2) will be granted is payment of M & T Bank's reasonable costs and attorney's fees associated with its proper removal of this action to federal court and responding to Plaintiffs' filings. Any costs or attorney's fees associated with discovery or any other matter will not be charged to Plaintiffs.

■ Plaintiffs, in their motion, requested "that the above-captioned matter be voluntarily dismissed with[out] [11] prejudice so that the Plaintiff may refile in the Circuit Court for Baltimore County for less than $53,000.00." Am. Mot. 2. Therefore, the Court will also impose a condition, as requested by Plaintiffs, on the voluntary dismissal that Plaintiffs be limited to a maximum amount of damages of $53,000.00 in any subsequent lawsuit, regardless of the causes of action pleaded. *See Scioneaux v. Monsanto Co.*, No. 01–1714, 2001 WL 1104632 (E.D.La. Sept. 19, 2001) (dismissal granted on the condition that the plaintiff's claims in state court would not exceed $75,000). This will also avoid a never-ending cycle of removals and dismissals should the Plaintiffs be allowed to refile in state court above the jurisdictional amount of $75,000.00.

## IV. CONCLUSION

The Court concludes that this action should be dismissed without prejudice sub-ject to the above conditions. However, "[t]he court ... may require that the dismissal will become prejudicial if certain conditions are not met, so long as considerations of due process and fundamental fairness are taken into account and the party requesting dismissal is given 'explicit and clear' warning of the harsh consequences of failing to comply with the court's conditions." *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56 (D.Md.1998) (quoting *Choice Hotels Int'l v. Goodwin & Boone*, 11 F.3d 469 (4th Cir. 1993); citing *S.A. Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir.1986)).

PLAINTIFFS ARE HEREBY EXPRESSLY AND EXPLICITLY WARNED: THE COURT IS AWARDING M & T BANK CERTAIN COSTS AND FEES IN THIS CASE. PLAINTIFFS' FAILURE TO PAY SAID COSTS AND FEES WITHIN THIRTY (30) DAYS OF THIS COURT'S ORDER DIRECTING SUCH PAYMENT WILL RESULT IN DISMISSAL OF PLAINTIFFS' CLAIMS AGAINST M & T BANK WITH PREJUDICE.

Of course, Plaintiffs also have the right to withdraw their motion seeking voluntary dismissal and proceed with their case in this Court. *Choice Hotels*, 11 F.3d at 471 n. 1; *Andes*, 788 F.2d at 1037. As a result, Plaintiffs are presented with three options. First, Plaintiffs may pay the costs and attorney's fees and have the case dismissed without prejudice subject to a maximum amount of damages in any future claim of $53,000.00. Second, Plaintiffs may choose not to pay the costs and attorney's fees and have the case dismissed with prejudice. Lastly, Plaintiffs may withdraw their motion and proceed in this Court, seeking damages that do not exceed $53,000.00. Should Plaintiffs choose the final option, the Court, at this time, will not award costs and attorney's fees to M & T Bank. *See Mott v. Conn. Gen. Life Ins. Co.*, 2 F.R.D. 523 (N.D.Iowa 1942) (providing the plaintiff requesting voluntary dismissal with the same three options: dismissal without prejudice and an award of attorney's fees, dismissal with prejudice without an award of

---

11. *See supra* note 6.

attorney's fees, or withdraw the motion and proceed in federal court).

It is hereby ORDERED that Plaintiffs' Motion for Leave to File an Amended Complaint is DENIED AS MOOT.

It is further ORDERED that Plaintiffs' Motion for Remand is DENIED.

It is further ORDERED that Defendant M & T Bank will file, within fifteen (15) days, a motion and affidavit detailing its reasonable costs and attorney's fees incurred in preparing and filing the Notice of Removal and responding to Plaintiffs' filings in this Court relating to the same. Plaintiffs will have seven (7) days thereafter to respond. In their response, Plaintiffs will inform the court which of the options indentified above they elect. The Court then will make an award to M & T Bank of costs and attorney's fees, if appropriate based on Plaintiff's election. Plaintiffs shall pay said amount to M & T Bank within thirty (30) days thereafter or suffer the consequence of dismissal with prejudice.